J-S31042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MCINTOSH | : | |
| | : | |
| Appellant | : | No. 1924 EDA 2020 |

Appeal from the PCRA Order Entered September 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0210661-2001

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 **FILED NOVEMBER 03, 2021**

James McIntosh (McIntosh) appeals the order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his petition for post-conviction relief.  He argues that he is entitled to a new trial under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, asserting three grounds based on either the Commonwealth's alleged withholding of evidence or the discovery of misconduct by an investigating officer in an unrelated case. The PCRA court dismissed the petition as untimely and without merit. McIntosh appealed that order of dismissal and we now affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

In 1994, McIntosh and several accomplices robbed a variety store in Philadelphia.  During the robbery, the store manager and the store owner were shot.  The store manager survived but the store owner died from his wounds.

About two year later, Detective Patrick Mangold arrested Travis Hall, who admitted to his role in the fatal robbery.  Hall cooperated with police, identifying McIntosh, Robert Holloday and Frank Fluellen as co-conspirators.  At the joint trial held for McIntosh, Holloday and Fluellen, Hall admitted on the stand that he had "made a deal" with the Commonwealth to testify against those defendants in exchange for favorable treatment in an unrelated federal case.  *See* Trial Transcript, 7/22/2002, at p. 1391.  Similarly, another admitted co-conspirator in the robbery, Jermain Williams, testified that McIntosh was one of the perpetrators.  Like Hall, Williams admitted that he was assisting the prosecution in exchange for lenient treatment in an unrelated case.

Additionally, an eyewitness, James Roberts, testified that he saw McIntosh, Holloday and Fluellen rob the store and attack the store owner.  Although he was not one of the participants in the robbery, Roberts admitted that he was testifying in exchange for a more lenient sentence in an unrelated

case. Roberts' account was consistent with the one given by Kory Smith, who was a customer in the store at the time the robbery occurred.[1]

Defense counsel for McIntosh, Holloday and Fluellen each had the opportunity to cross-examine all the testifying eyewitnesses, as well as Detective Mangold, who gathered the accounts of those witnesses prior to trial. McIntosh was ultimately found guilty of murder in the second degree, robbery, aggravated assault, kidnapping, criminal conspiracy and possessing an instrument of crime. He was sentenced to life imprisonment without parole as to the murder conviction and concurrent prison terms as to the remaining counts.

This Court affirmed his judgment of sentence. **Commonwealth v. McIntosh**, 849 A.2d 607 (Pa. Super. 2004) (unpublished memorandum); **see also Commonwealth v. McIntosh**, 860 A.2d 489 (Pa. 2004) (denying allocatur). This Court then affirmed the dismissal of McIntosh's first PCRA petition. **See Commonwealth v. McIntosh**, 964 A.2d 440 (Pa. Super. 2008) (unpublished memorandum); **see also Commonwealth v. McIntosh**, 980 A.2d 110 (Pa. 2009) (denying allocatur).

McIntosh filed a second PCRA petition seeking a resentencing based on **Miller v. Alabama**, 567 U.S. 460 (2012) (holding that juvenile offenders

_____

[1] It was stipulated that the store manager who had been shot would have testified consistently with Smith and other witnesses regarding how the robbery generally unfolded.

cannot be mandatorily sentenced to life without the possibility of parole). He also demanded a new trial to remedy an alleged **Brady** violation[2] in which the Commonwealth withheld information about Hall's 1996 federal case, depriving him of impeachment material at his own trial. **See Commonwealth v. Mcintosh**, 676 EDA 2016, at *3 (Pa. Super. October 19, 2016). Relatedly, he argued that the Commonwealth withheld evidence that at the time of the robbery trial, Roberts was under investigation for a murder committed in 1999. To support this claim, McIntosh attached another inmate's affidavit to his petition stating that Roberts had admitted that he lied at McIntosh's trial.

The PCRA court dismissed the second petition, finding that McIntosh had received the relevant impeachment evidence concerning Hall prior to trial, and that the inmate's statement concerning Roberts was unreliable hearsay. The dismissal of this second PCRA petition was affirmed. **See id**.

On May 26, 2017, McIntosh filed his third PCRA petition. Again, McIntosh claimed that the Commonwealth withheld evidence about Hall's federal case. On January 4, 2019, while the third petition was still pending, he filed supplemental grounds for relief based on a new affidavit from Roberts. The affidavit, dated November 9, 2018, vaguely alludes to "offering perjured testimony" against McIntosh and the other defendants in the joint robbery

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

trial in 2002. *See* Motion to Amend Newly Discovered Evidence, 1/4/2019 (affidavit attached as unnumbered exhibit).

McIntosh filed another supplemental petition on March 15, 2019, this time arguing that he had discovered a news article on February 10, 2019, which reported that Detective Mangold had engaged in misconduct in unrelated cases, suggesting that the officer's misconduct had somehow influenced the outcome of McIntosh's own case.

The PCRA court found all of these claims to be untimely and without merit, and pursuant to Pa.R.Crim.P. 907, McIntosh's petition was summarily dismissed. *See* PCRA Court Order, 9/10/2020. McIntosh appealed that ruling, and in his appellate brief, he contends that the PCRA court erred in finding that he failed to plead and prove the time-bar exceptions enumerated in Sections 9545(b)(1) and 9545(b)(2) of the PCRA.[3]

## II.

A PCRA petition must be filed within one year from the date that a petitioner's judgment of sentence becomes final. *See* 42 Pa.C.S. 9545(b). It is undisputed that McIntosh's serial PCRA petition, filed over a decade after his judgment of sentence became final, is patently untimely. McIntosh, therefore, had the burden of pleading and proving that at least one of three

---

[3] The PCRA court's order must be upheld if it is supported by the evidence of record and free of legal error. ***Commonwealth v. Reaves****,* 923 A.2d 1119, 1124 (Pa. 2007).

exceptions to the PCRA's jurisdictional time-bar applies. These three

exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). "Any petition invoking an exception provided in

paragraph (1) shall be filed within 60 days of the date the claim could have

been presented." *Id*. at § 9545(b)(2).[4]

Moreover, the PCRA precludes courts from considering any post-

conviction claims which are based on issues that have previously been

litigated. *See* 42 Pa.C.S. § 9544(a). A claim "has been previously litigated if

---

[4] The subject PCRA petition was filed on December 24, 2017. The operative version of the PCRA in effect at that time provided that exceptions asserted pursuant to 42 Pa.C.S. § 9545(b) had to be invoked within 60 days from the date they could have first been raised. The subsequent amendment to the PCRA extending the period to one year was not yet in effect. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The present claims McIntosh filed pertaining to Hall and Roberts arose before the effective date of the amendment; his claim pertaining to Detective Mangold, based on facts contained in a 2019 news article, however, would ostensibly be subject to the extended one-year filing period.

. . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or . . . [the claim] has been raised and decided in a proceeding collaterally attacking the conviction or sentence." *Id*. at § 9544(a)(2)-(3).

With respect to the merits of a substantive claim for PCRA relief, a claim of after-discovered evidence requires a petitioner to plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). The elements of an after-discovered evidence claim are as follows:

> [A petitioner] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008) (citations omitted).

## A.

McIntosh's first appellate issue concerns an alleged *Brady* violation based on the Commonwealth's withholding of information about Hall's federal robbery case. He argues that the PCRA court erred in ruling that he failed to satisfy either the newly-discovered fact or the governmental-interference time-bar exceptions outlined in subsections 9545(b)(1)(i) and 9545(b)(1)(ii).

The PCRA court did not err because the claim was previously litigated in an earlier PCRA appeal, barring McIntosh from reraising the issue in a subsequent petition. *See Commonwealth v. McIntosh*, 676 EDA 2016, at *3 (Pa. Super. October 19, 2016) (unpublished memorandum). Previously, this Court found that the Commonwealth could not have withheld the fact that Hall was implicated in a separate federal robbery case because the record established that McIntosh knew about it at the time of his trial in 2002. *See id*. ("[McIntosh] knew about Hall's involvement in the 1996 bank robbery because it was revealed at [McIntosh's] 2002 trial that Hall was prosecuted and sentenced in that [federal] matter."). Accordingly, McIntosh is barred from reraising this ground even if he could satisfy an exception to the PCRA's time-bar – which he cannot for the reasons stated in the PCRA court's 1925(a) opinion. *See* PCRA Court 1925(a) Opinion, 9/29/2020, at 1-2.

**B.**

McIntosh next argues that the PCRA court erred in dismissing as untimely his claim based on the recantation of Roberts. In his brief, McIntosh argues that this claim must be considered timely filed because the PCRA's newly-discovered fact exception applies.

In 2019, McIntosh presented an affidavit of Roberts in which he admitted to perjury, presumably in McIntosh's joint trial concerning the fatal robbery. However, the newly-discovered fact exception requires the petitioner to allege and prove that "the facts upon which the claim is predicated were

unknown to petitioner and could not have been ascertained by due diligence."
***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007) (quoting 42
Pa.C.S. § 9545(b)(1)).

Although Roberts produced this affidavit in 2019, his professed perjury
was an underlying fact that McIntosh raised in a previous PCRA appeal years
earlier. In 2015, McIntosh had presented an affidavit of an inmate who
claimed that Roberts admitted to perjury in the 2002 robbery trial. This Court
found that McIntosh did not satisfy the newly-discovered fact exception
because it was based on pure hearsay. ***See McIntosh***, 676 EDA 2016, at *3
(quoting ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008)
("'[A] claim based on inadmissible hearsay does not implicate' the newly
discovered evidence exception.").

In the present case, McIntosh's claim differs in that he now presents an
affidavit directly from Roberts himself. However, McIntosh has failed to show
that this new evidence of Roberts' recantation could not have been discovered
sooner through the exercise of due diligence. McIntosh has not explained why
it took him over three years to obtain the affidavit since learning of the
predicate fact of the claim (the alleged perjury of Roberts). Thus, the PCRA

court did not err in finding that McIntosh had failed to satisfy an exception to the PCRA's jurisdictional time-bar as to this claim.[5]

## C.

Lastly, McIntosh asserts on appeal that the PCRA court erred in dismissing his claim for relief based on the misconduct by Detective Mangold in an unrelated criminal case. Whether construed as an attempt to satisfy the newly-discovered fact exception to the PCRA's time-bar or as a substantive claim of relief based on after-discovered evidence, the claim fails because McIntosh did not identify how the detective's misconduct had a direct impact on the outcome of his own trial.

Even assuming that the evidence of misconduct qualified as a newly-discovered fact for the jurisdictional purposes of Section 9545(b)(1)(ii), McIntosh could not have prevailed on an after-discovered evidence claim. This substantive basis for relief requires a petitioner to plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). A key element of an after-discovered evidence claim is that

---

[5] Even if an exception to the PCRA's time-bar applied, it would not be availing to McIntosh because Roberts' affidavit could only be used for impeachment purposes, precluding McIntosh from prevailing on a substantive post-conviction claim of after-discovered evidence. *See Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008).

the evidence would "likely result in a different verdict if a new trial were granted." **Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008).

In the context of an after-discovered evidence claim involving alleged misconduct by an investigating officer, this prejudice element requires a "nexus," or logical link, between the misconduct and the petitioner's own case. **See Commonwealth v. Foreman**, 55 A.3d 532, 537–38 (Pa. Super. 2012) ("Appellant has failed to show any nexus between his case and Detective Simon's alleged misconduct in an incident, which occurred more than two years after Appellant's conviction.") (citing **Commonwealth v. Soto**, 983 A.2d 212, 215 (Pa. Super. 2009)).

Here, McIntosh's claim was properly denied because he did not produce any evidence that Detective Mangold's misconduct in another case could have led to a different result in his own trial. **See Commonwealth v. Johnson**, 179 A.3d 1105, 1123 (Pa. Super. 2018) ("Appellant cannot show that the proffered 'evidence' of Detective Dove's convictions would lead to a different result, for there is no evidence the former detective did anything inappropriate in the instant matter."). Thus, the PCRA court did not err in dismissing the claim and the PCRA's court's order must stand.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/3/2021*